UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH DUDDING,

          Plaintiff,

vs.          Case No. 2:06-cv-149-FtM-99DNF

LIBERTY HEALTHCARE, CORP., a Pennsylvania Corporation, LIBERTY BEHAVIORAL HEALTH, CORP., a Pennsylvania Corporation, and INDEPENDENCE HEALTHCARE CORP., a Pennsylvania Corporation,

          Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendants' Motion to Dismiss and/or Strike the Demand for Punitive Damages and For a Jury Trial as to Counts I and II in the Amended Complaint (Doc. #29), filed on September 7, 2006. Plaintiff's Brief in Response (Doc. #33) was filed on September 21, 2006.

     Defendant seeks to dismiss or strike the demand for punitive damages contained in the two Florida Whistleblower Act claims of the Amended Complaint for Damages, Injunctive Relief, Attorney's Fees and Other Relief (Doc. #26). Neither party has cited any binding authority on the issue of whether punitive damages may be obtained upon a violation of these Acts. The Court agrees with those decisions striking such requests. <u>Branche v. Airtran</u>

Airways, Inc., 314 F. Supp. 2d 1194 (M.D. Fla. 2004); Hanna v. WCI Cmtys., Inc., 348 F. Supp. 2d 1332 (S.D. Fla. 2004).  The Court does not find plaintiff's reliance upon Fla. Stat. § 768.72(2) to be persuasive.  While this section sets forth the standard where punitive damages are applicable, it does not purport to make punitive damages a component of relief for all acts of intentional misconduct or gross negligence.

The issue of a right to a jury trial for the whistleblower claims when brought in federal court is an issue of federal law. Simler v. Conner, 372 U.S. 221, 222 (1963).  The Court concludes that plaintiff is entitled to a jury trial under the Seventh Amendment.  This is consistent with Florida case law, which finds a right to a jury trial under the Florida Whistleblower Acts. Guess v. City of Miramar, 889 So. 2d 840 (Fla. 4th DCA 2005); Rosa v. Dep't of Children & Families, 915 So. 2d 210 (Fla. 1st DCA 2005); Stephenson v. P.C.M.D. Mgmt., Inc., 2006-CA-461, 2006 WL 3422573 (Fla. 10th Cir. Ct. 2006); McKerns v. WCI Comtys., Inc., 502005-CA-6386, 2006 WL 1010505 (Fla. 15th Cir. Ct. 2006).

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss and/or Strike the Demand for Punitive Damages and For a Jury Trial as to Counts I and II in the Amended Complaint (Doc. #29) is **GRANTED IN PART AND DENIED IN PART.** The Motion to Dismiss and the Motion to Strike Demand for Jury

Trial is **DENIED**; the Motion to Strike Demand for Punitive Damages is **GRANTED** and the reference to punitive damages in paragraph 71 and the corresponding Wherefore clause and paragraph 79 and the corresponding Wherefore clause is **stricken**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of January, 2007.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record